# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **LEWIS BRANNEN, an individual** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| **PREMIERE CREDIT OF NORTH AMERICA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), Telephone Consumer Protection Act[2], 47 U.S.C. § 227 ("TCPA"), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

[2] Any reference to the TCPA includes all applicable subsections whether explicitly stated or not.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

2. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
   (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
   (c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**
   (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
   (e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

3. Plaintiff Lewis Brannen (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2

4. Defendant Premiere Credit of North America, LLC, ("Defendant" or "Premiere[3]") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Alabama.

## VENUE

5. Venue is proper in this Court as Plaintiff is a resident citizen of this Judicial District, and all or substantially all of the wrongs complained of occurred in this county.

## STATEMENT OF FACTS

6. Plaintiff owes a federal student loan.

7. Defendant claims to be a collector on this federal student loan.

8. Plaintiff has received numerous harassing and abusive phone calls from Defendant.

9. These calls have been collection calls.

10. The calls have been illegal, harassing, and abusive.

11. For example, and this is not an exhaustive list, Defendant has stated the following to Plaintiff in phone calls:

12. "You are laying around on your parent's couch living off of your parents doing nothing productive."

13. "You cannot file bankruptcy on federal student loans."

---

[3] "Premiere" or "Defendant" means Premiere directly or through its debt collectors, employees and agents who took any collection action against Plaintiff.

3

14. "Your wages will be garnished."

15. "You wasted your time and the student loan money going to school."

16. "If you went to school then you should have learned how to handle your money better."

17. Defendant has no administrative wage garnishment order on Plaintiff.

18. Defendant never properly notified Plaintiff of any intent to seek an administrative wage garnishment.

19. Defendant has no right to garnish Plaintiff's wages without a proper wage garnishment order after Plaintiff has received his due process right to be properly notified of such intent.

20. Bankruptcy is an option for Plaintiff on his federal student loan.

21. Defendant knows it is a lie to tell someone that they cannot file bankruptcy on federal student loans.

22. These calls have been designed to insult and humiliate Plaintiff.

23. Defendant's calls have been with the purpose and design to harass Plaintiff or to abuse Plaintiff and such calls have been successful.

24. It is a common tactic of Defendant to use this type of language to seek to gain an advantage over a consumer by attempting to cause the consumer to become angry, fearful, embarrassed, or humiliated.

25. The rationale is that when a consumer becomes emotional then it is easier for the collector to manipulate the consumer.

26. The reason for the abusive conduct of Defendant is the large commission it will receive if it can convince (by legal or illegal means) Plaintiff to pay a certain amount to Defendant.

27. If Defendant merely assisted Plaintiff in "rehabilitating" his loan, then Defendant will receive a much smaller amount of money in commissions or fees.

28. Plaintiff has the right to rehabilitate his loans by paying a "reasonable and affordable" amount of monthly payments for nine months out of a ten month time period.

29. Defendant chose to abuse Plaintiff rather than working with Plaintiff to rehabilitate (or to do "consolidation") of his federal student loan.

30. Plaintiff is now working with a new collection agency that is assisting him in a reasonable and affordable payment plan to rehabilitate the federal student loan.

## Remaining Factual Allegations Against Defendant Premiere

31. Defendant Premiere has misrepresented the debt to Plaintiff.

32. This includes the amount of the debt.

33. This includes the legal status of the debt.

34. Defendant Premiere has threatened to take action it knows is illegal for Defendant Premiere to take.

35. The debt being collected is a consumer debt as defined by the FDCPA (§1692 a(5)).

36. Plaintiff is a "consumer" as defined by the FDCPA (§1692 a(3)).

37. Defendant Premiere is a "debt collector" as defined by the FDCPA (§1692 a(6).

38. Defendant Premiere refused to give Plaintiff all required notifications and disclosures under the FDCPA.

39. Defendant Premiere contacted Plaintiff's parents on more than one occasion and violated §1692b in doing so.

40. Defendant Premiere has illegally contacted Plaintiff on his cell phone on multiple occasions.

41. The conduct of the Defendant Premiere has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

42. It is a practice of the Defendant Premiere to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, the TCPA and state law.

43. Defendant Premiere knows its conduct is wrong but it has chosen to conduct itself in this wrongful manner as a matter of corporate policy.

44. All actions taken by employees, agents, servants, or representatives of any type for the Defendant Premiere were taken in the line and scope of such individuals' employment, agency or representation.

45. All actions taken by the Defendant Premiere were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, the TCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA, the TCPA and/or state law.

46. Defendant Premiere has engaged in a pattern and practice of wrongful and unlawful behavior with respect to its collection activities and as such Defendant Premiere is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

47. Defendant Premiere is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection

employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## SUMMARY

48. All of the above-described collection activities made to Plaintiff by Defendant Premiere were made in violation of the FDCPA, including (but not limited to) §§1692b(1), 1692b(3), 1692c(b),1692d, 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

49. The above-detailed conduct by the Defendant Premiere of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

50. Defendant Premiere violated the TCPA with its calls to Plaintiff's cell phone.

51. This series of abusive collection actions by Defendant Premiere caused Plaintiff stress and anguish.

52. Defendant Premiere's attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

53. Plaintiff has suffered actual damages as a result of these illegal actions by Defendant in the form of anger, anxiety, emotional distress, fear, frustration,

upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

54. Defendant Premiere negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The acts and omissions of Defendant Premiere constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not limited to) §§1692b(1), 1692b(3), 1692c(b),1692d, 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g.

57. As a result of Defendant Premiere's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant Premiere.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## (47 U.S.C. § 227)

58. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

59. Defendant has repeatedly and illegally called Plaintiff's cell phone in violation of the TCPA.

60. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers that have been unleashed against Plaintiff by Defendant.

61. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal predictive dialers that have been unleashed against Plaintiff by Defendant.

62. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the Defendant to use these against Plaintiff's cell phone.

63. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that

the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

64. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

65. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## COUNT III.

## INVASION OF PRIVACY

66. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

67. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Premiere violated Alabama state law as described in this Complaint.

68. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

69. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

70. Defendant Premiere intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

71. Defendant Premiere intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

72. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

73. The conduct of Defendant Premiere, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Premiere which occurred in a way that would be highly offensive to a reasonable person in that position.

74. All of the other wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant Premiere in its campaign of improper debt collection which has led to the Plaintiff's privacy being invaded.

75. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Premiere.

76. All acts of Defendant Premiere were committed with malice, intent, wantonness, and/or recklessness and as such Defendant Premiere is subject to punitive damages.

## COUNT IV.

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

77. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

78. Defendant Premiere's collectors are allowed and encouraged to break the law in order to collect debts.

79. This includes all of the violations of the law described in this Complaint.

80. Defendant Premiere is aware of the wrongful conduct of its collectors.

81. Defendant Premiere negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant Premiere is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT V.

## WANTON, MALICIOUS, AND INTENTIONAL CONDUCT

82. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

83. Defendant Premiere had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

84. Defendant Premiere had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

85. Defendant Premiere acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

86. Defendant Premiere violated all of the duties Defendant Premiere had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

87. It was foreseeable, and Defendant Premiere did in fact foresee it, the actions of Defendant Premiere would lead and did lead to the exact type of harm suffered by Plaintiff.

88. Defendant Premiere acted with malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

89. Defendant Premiere invaded the privacy of Plaintiff as set forth in Alabama law.

90. Such malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

91. As a result of this conduct, action, and inaction of Defendant Premiere, Plaintiff has suffered damages as set forth in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than

$75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

_____

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

Jordan M. Copeland (COP032)
Attorney at Law
33300 U.S. Highway 280, Suite 103
Childersburg, Alabama 35044
(256) 378-6087 or (205) 924-3839
1-888-816-0073 *facsimile*
JCopelandLaw@gmail.com


**Attorneys for Plaintiff**

## PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE

_____
Attorney for Plaintiff

**Serve defendant via certified mail at the following address:**

Premiere Credit of North America, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109